## EXHIBIT B

## Initial Dismissal Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | Chapter 11 |
| CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*, | Case No. 22-21941-GLT |
| | Jointly Administered |
| Debtors. [1] | Doc. No.: |
| CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*, | Related to Doc. No.: |
| | Hearing Date: |
| Movants, | Hearing Time: |
| v. | Response Deadline: |
| No Respondents. | |

**INITIAL ORDER (I) ESTABLISHING PROCEDURES WITH RESPECT TO
FINAL FEE APPLICATIONS; (II) AUTHORIZING THE DEBTORS TO
MAKE DISTRIBUTIONS TO CLAIMANTS HOLDING ALLOWED HOLDING
ALLOWED PROFESSIONAL FEE CLAIMS; (III) DISMISSING THE DEBTORS'
CHAPTER 11 CASES; AND (V) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion for Entry of Orders (I) Establishing Procedures With Respect to Final Fee Applications; (II) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed Professional Fee Claims; (III) Dismissing the Debtors' Chapter 11 Cases; and (VI) Granting Related Relief* (the "Motion")[2] for entry of an order, pursuant to sections 105(a), 349, 363(b)(1), and 1112(b) of title 11 of the United States Code (as amended, the "Bankruptcy

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Claim Jumper Acquisition Company, LLC (0150); Claim Jumper Restaurant (Phoenix), LLC (4316); Claim Jumper Restaurant (Sacramento), LLC (7122); Claim Jumper Restaurant (Tualatin), LLC (4248); C Jumper Restaurant, Inc. (9351); KRG BHTT, LLC (3178); KRG JCS Redondo Beach, LLC (4256); KRG JCS, LLC (5784).  The Debtors' address is 1000 Jacks Run Rd., North Versailles, PA 15137.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Code"), Rules 1017, 2002, and 9013 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), dismissing the chapter 11 cases and granting related relief; and this Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§ 1334; and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§

1408 and 1409; and due and sufficient notice of the Motion having been given under the

particular circumstances; and it appearing that no other or further notice is necessary; and this

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all the proceedings had before this Court; and after

due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     All Professionals shall file final fee applications for Professional Fees twenty-one

(21) days after service of the Final Fee Hearing.  Any objections to the Final Fee Applications

shall be filed and served on counsel for the Debtors and the Professional submitting the

application to which an objection is being filed, within fourteen (14) days after the filing and

service of the subject Final Fee Application.  The notice of the Final Fee Hearing will include the

date provided by the Court for the hearing, if necessary, on any disputes related to Final Fee

Applications.  The notice of the Final Fee Hearing shall be filed on the docket in these chapter 11

cases and served on all Professionals and the U.S. Trustee and no further notice shall be required.

3.     After Final Fee Applications have been heard, the Debtors (i) are authorized to

pay allowed Professional Fee Claims, and (ii) shall file all monthly operating reports and pay all

U.S. Trustee fees in full.

4.      As soon as reasonably practicable following the completion of the payment of U.S. Trustee's fees and payment of allowed Professional Fees, the Debtors shall file a certification (the "Certification") of counsel requesting entry of the Dismissal Order attached hereto as **Exhibit 1**.  Among other things, the Certification must report that (a) all U.S. Trustee fees have been paid in full and all Monthly Operating Reports have been filed; and (b) the Professional Fees incurred in the chapter 11 cases have been approved and paid in full.

5.      The Certification shall be served only on counsel to the DIP Lender and the Committee and no further notice regarding the dismissal of the chapter 11 cases shall be required.  The Debtors' creditors and parties in interest have received reasonable notice of the proposed dismissal through the Dismissal Notice.

6.      Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay quarterly fees to the U.S. Trustee shall continue until such Debtor's case is dismissed in accordance with the provisions of this Order.

7.      To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

8.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Prepared by: */s/ Daniel R. Schimizzi*
Proposed Local Counsel for Debtors and
Debtors in Possession                                BY THE COURT:

Dated: _____, 2022

_____
Gregory L. Taddonio, Chief Judge
United States Bankruptcy Court

-3-