## EXHIBIT C

**Dismissal Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | Chapter 11 |
| CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*, | Case No. 22-21941-GLT |
| | Jointly Administered |
| Debtors. [1] | Doc. No.: |
| CLAIM JUMPER ACQUISITION COMPANY, LLC, *et al.*, | Related to Doc. No.: |
| | Hearing Date: |
| Movants, | Hearing Time: |
| v. | Response Deadline: |
| No Respondents. | |

**ORDER OF DISMISSAL**

Upon the *Debtors' Motion for Entry of Orders (I) Establishing Procedures With Respect to Final Fee Applications; (II) Authorizing the Debtors to Make Distributions to Claimants Holding Allowed Professional Fee Claims; (III) Dismissing the Debtors' Chapter 11 Cases; and (VI) Granting Related Relief* (the "Motion")[2] that certain Initial Order granting the Motion, entered on _____, 2023 (D.I.    ), and the *Certification of Counsel and Request for Entry of an Order Dismissing Chapter 11 Cases*, filed on _____, 2023 (D.I.   ),

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Claim Jumper Acquisition Company, LLC (0150); Claim Jumper Restaurant (Phoenix), LLC (4316); Claim Jumper Restaurant (Sacramento), LLC (7122); Claim Jumper Restaurant (Tualatin), LLC (4248); C Jumper Restaurant, Inc. (9351); KRG BHTT, LLC (3178); KRG JCS Redondo Beach, LLC (4256); KRG JCS, LLC (5784).  The Debtors' address is 1000 Jacks Run Rd., North Versailles, PA 15137.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.     Pursuant to section 1112(b) of the Bankruptcy Code, each of the chapter 11 cases are dismissed effective as of the entry of this Order.

4.     Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the chapter 11 cases, including, without limitation, the Sale Order and the DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of the chapter 11 cases, and are specifically preserved for purposes of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable.

5.     Each of the Professional's retentions is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms.  The retention of the Debtors' claims agent is likewise terminated, effective immediately, without the need for further action on the part of this Court or the Debtors.  Within fourteen (14) days of the entry of this Order, the Debtors' claims agent shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Federal Archives, indicating the accession and location numbers of the archived claims.

6.    The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

7.    To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

8.    Notwithstanding the dismissal of the chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the chapter 11 cases.

Prepared by: */s/ Daniel R. Schimizzi*
Proposed Local Counsel for Debtors and
Debtors in Possession

BY THE COURT:

Dated:    _____, 2022
        Pittsburgh, PA

_____
Gregory L. Taddonio, Chief Judge
United States Bankruptcy Court